UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Reanna Valdez,<br><br>          Plaintiff,<br><br>v.<br><br>Allen Simpson,<br><br>          Defendant. | Case No. 18-cv-0051 (DWF/HB)<br><br>**REPORT AND RECOMMENDATION** |

HILDY BOWBEER, United States Magistrate Judge

Plaintiff Reanna Valdez brings this action alleging that she and her boyfriend have been harassed by Defendant Allen Simpson. "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3). Valdez has not adequately alleged a basis for the Court's subject-matter jurisdiction over this lawsuit, and given the allegations in the complaint it appears unlikely that she can do so. This Court therefore recommends that this matter be dismissed without prejudice.

Federal district courts are courts of limited jurisdiction, that is, the federal district courts are authorized to decide only certain kinds of cases. Most of the lawsuits that the federal district courts are authorized to decide fall into one, or both, of two categories. First, "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. This is known as "federal-question jurisdiction." Second, the district courts have original jurisdiction

over cases in which the amount in controversy exceeds $75,000 and involves citizens of different states. *See* 28 U.S.C. § 1332(a)(1). This is known as jurisdiction based on diversity of citizenship.

Valdez has failed to allege in her complaint that either federal-question jurisdiction or jurisdiction based on diversity of citizenship exists in this case. (*See* Compl. ¶ 3 [Doc. No. 1].) Indeed, from the face of the complaint, it appears exceedingly doubtful that either basis for original jurisdiction *could* exist over this lawsuit. First, the harassment claims brought by Valdez in this litigation arise entirely under *state* law, not federal law. No federal statute, constitutional provision, or treaty has been invoked by Valdez, and even affording her complaint the broadest possible interpretation, no such statute, provision, or treaty could have been invoked by her. Second, there is no indication that the parties are citizens of different states. To the contrary, both parties are residents of Minnesota (*see* Compl. ¶¶ 1-2), making it likely that Valdez and Simpson are citizens of the same state. Finally, no other basis for federal subject-matter jurisdiction is apparent from the complaint.

Simply put, this matter belongs in state court, not federal court. Because the Court lacks subject-matter jurisdiction over the complaint, it is hereby recommended that this matter be dismissed without prejudice. Finally, because this matter cannot go forward, it is further recommended that Valdez's application to proceed *in forma pauperis* [Doc. No. 2] be denied as moot.

Based on the foregoing, and on all of the files, records, and proceedings herein **IT IS HEREBY RECOMMENDED THAT**:

1. This matter be **DISMISSED WITHOUT PREJUDICE** for lack of subject-matter jurisdiction.

2. Plaintiff Reanna Valdez's application to proceed *in forma pauperis* [Doc. No. 2] be **DENIED AS MOOT**.

Dated: February 6, 2018                     s/ *Hildy Bowbeer*
                                            HILDY BOWBEER
                                            United States Magistrate Judge

## NOTICE

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. LR 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in LR 72.2(c).